IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LAMAR DEAN,

               Petitioner,

vs.

CHERYL PLILER, Warden, et al.

               Respondents.

Case No. CIV S-97-1584 (JKS)

<u>O R D E R</u>

      Anthony Lamar Dean was convicted of robbery and felony murder for the death of Jeffrey Schripsema and received a composite sentence of life without the possibility of parole.  He brings this action  pursuant to 28 U.S.C. § 2254 seeking federal post conviction relief.  Dean's claims divide neatly into two categories.  The first group of claims was presented to the California Court of Appeal and resulted in a written decision.  The California Supreme Court denied a hearing on this set of claims.  The second group of claims were raised for the first time in a direct petition for habeas corpus in the California Supreme Court and were rejected without opinion.  These two groups of issues will be separately addressed.

      In the first group of claims—those presented to the court of appeal—Dean argued that the trial court erred by: (1) not directly inquiring of Dean whether he wished to testify; (2) responding to a jury inquiry whether Dean could be guilty of felony murder if he robbed the victim but did not shoot him by referring the jury to prior instructions regarding accomplice liability and felony murder; (3) failing to sua sponte give an instruction distinguishing between an accessory after the fact and an accessory before the fact, i.e. an accomplice on a charge of felony murder; and 4) failing to find insufficient evidence to support a special circumstance.  For this group of claims the Court

1

will look through the supreme court's denial of a hearing without argument and evaluate Dean's claims against the court of appeal's decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991). The appellate court agreed with Dean on a fifth point, that he should not have received a concurrent sentence for robbery, but rejected his other four claims. Each of those determinations is consistent with federal law as established by the United States Supreme Court, and is therefore not subject to further review by this Court. *See* 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3 (2002).

For his second group of claims Dean filed a petition for habeas corpus and invoked the original jurisdiction of the California Supreme Court. The supreme court denied the claims without opinion. Dean argues that the prosecutor committed misconduct in disparaging a tape recording surreptitiously obtained by Dean's friends. The recording arguably established that Dean's friend and companion, "Turtle" Tim Jones, was the shooter. He further argues that this prosecutorial misconduct was compounded when a different prosecutor during the subsequent trial of Jones endorsed the tape. Dean notes that the problem is not the advancement of inconsistent theories, but inconsistent positions regarding the value of specific evidence.

It is clear that nothing done at the subsequent trial could prejudice Dean. The question presented is did the prosecutor's argument at Dean's trial so infect the trial with unfairness as to make the resulting conviction a denial of due process. *See Donnelly v. Christoforo*, 416 U.S. 637 (1974). The same test applies to Dean's additional claims regarding the prosecutor's treatment of the testimony of Robert Dean and Dianton Reaves. It appears that the prosecutor's comments on the tape involved a fair comment on ambiguous evidence and the jury was asked to listen to the tape and draw their own conclusions. The prosecutor did not imply that he had secret evidence of the tape's invalidity hidden from the jury, nor did he vouch for any witness. Dean has failed to show a violation of due process. *See, e.g., Shaw v. Terhune*, 380 F.3d 473 (9th Cir. 2004).

Finally, Dean argues that his right to confrontation was violated when the prosecutor was permitted to cross-examine Dianton Reaves. The prosecutor posed questions regarding a prior inconsistent statement in which Reaves told the police that Jones implicated Dean in the killing while Dean was present and that Dean had not denied his involvement. While perhaps a double hearsay problem, no confrontation issue is presented by the impeachment of Reaves with his prior

ORDER

inconsistent statement because he was present and available for cross-examination by Dean.  In fact, Reaves's trial testimony on this issue was favorable to Dean.  Reaves's statement that Jones made the statement and that Dean was present was not itself hearsay.  Viewed as an adoptive admission it is not hearsay.  No federal constitutional error occurred.  The recent case of *Crawford v. Washington*, 541 U.S. 36 (2004) is not to the contrary.  Evidence introduced to show an adoptive admission is not testimonial within the meaning of that case.  *See Leavitt v. Arave*, 383 F.3d 809 (9th Cir. 2004).  Thus, the recent decision of the Ninth Circuit concluding that *Crawford* should be applied retroactively to cases in habeas is not relevant to the disposition of this case.  *See, e.g., Bockting v. Bayer*, 399 F.3d 1010 (9th Cir. 2005).  This Court recognizes that in exercising its supervisory power over federal district courts deciding federal cases, the Ninth Circuit has taken the view that where a declaration made in the presence of the defendant is used as a foundation for an adoptive admission, the party offering the evidence must show the unavailability of the declarant.  *See United States v. Monks*, 774 F.2d 945, 952 (9th Cir. 1985).  Decisions of the Ninth Circuit are not binding on state courts for purposes of habeas corpus.  A state judge could reasonably conclude that requiring the unavailability of the declarant as a foundation for offering an adoptive admission by the defendant was inconsistent with the United States Supreme Court decision in *United States v. Inadi*, 475 U.S. 387, 392–93 (1986) (declining to require unavailability as a prerequisite for satisfying confrontation).  While *Crawford* does require unavailability, its holding only applies to former "testimony," and not to non-testimonial evidence such as adoptive admissions.

**IT IS THEREFORE ORDERED:**

The petition for habeas corpus at **Docket No. 47** is **DENIED**.  The Court is of the view that the issue of a certificate of appealability should be addressed now rather than after Dean's claims and the issues they present fade with memory.  Accordingly, given that reasonable jurists could not differ on the group of issues presented to the California Court of Appeal for the reasons set forth in this Order, the Court will **DENY** a certificate of appealability as to those issues.  As to the issues that were presented directly to the California Supreme Court in a direct petition for habeas corpus, the Court will **GRANT** a certificate of appealability.  *See* 28 U.S.C. § 2253(c); *Miller-El v.*

ORDER

*Cockrell*, 537 U.S. 322, 335–38 (2003) (outlining certificate of appealability standard); *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (same).  If Dean wishes to appeal the issues presented to the Court of Appeal—the issues as to which the Court has denied a certificate of appealability—he must obtain a certificate of appealability from a motions panel of the Ninth Circuit Court of Appeals.  Ninth Circuit Rule 22-1(c).  Dean is cautioned that he must file his motion for a certificate of appealability with the clerk's office in the Eastern District of California, along with a statement of reasons why a certificate should issue, within **thirty-five (35)** days of the entry of this Order.  *Id.*  The clerk's office can then transmit Dean's appeal of the denial of his certificate of appealability directly to the Ninth Circuit.

Dated at Anchorage, Alaska, this 18 day of April 2005.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER